JOSCELYN STABLE CO. v. JOHNSON, Fire Com'r, et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 63*) — POLICE REGULATIONS — REVIEW BY COURTS.

Any discretion vested by statute in a municipal explosives commission as to the adoption of regulations governing the storage of explosives is not reviewable by the courts.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 155, 1378, 1879; Dec. Dig. § 63.*]

2. MUNICIPAL CORPORATIONS (§ 63*) — POLICE REGULATIONS — REVIEW BY COURTS—PLEADING.

Where an applicant for a writ of mandamus to compel municipal authorities to approve a garage operated by him alleged in the petition that there were no oil separators, traps, or other similar apparatus in existence which would prevent volatile inflammable oils flowing into the sewer, but did not contradict the allegations of the answering affidavits that there were numerous devices on the market which were practically

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

efficient in reducing to a minimum the risk of oils in the sewer, no issue was presented, requiring the issuance of an alternative writ as to the unreasonableness of a regulation of the municipal explosives commission providing that no garage permit authorizing the storage of volatile inflammable oil should be issued for any premises not provided with an oil separator, trap, or other similar apparatus attached to the house drain for the purpose of preventing such oils flowing into the sewer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 155, 1378, 1879; Dec. Dig. § 63.*]

Appeal from Special Term, New York County.

Application by the Joscelyn Stable Company for a writ of mandamus against Joseph Johnson, Fire Commissioner, and others. From an order denying the writ, the applicant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Theodore K. McCarthy, of New York City, for appellant.

Terence Farley, of New York City, for respondents.

PER CURIAM. By section 778c of the charter it is provided that all regulations of the municipal explosives commission approved by the fire commissioner shall constitute a chapter of the Code of Ordinances. Regulation No. 376 provides:

"No garage permit authorizing the storage of volatile inflammable oil shall be issued for any premises which are not provided with an oil separator, trap or other similar apparatus attached to the house drain for the purpose of preventing volatile inflammable oils from flowing into the sewer."

Appellant operates a garage, and its application for approval thereof was denied by the commission for noncompliance with regulation 376. Thereupon appellant applied for a mandamus to compel acceptance of the application, asserting that its premises were thoroughly safe and lawful in every respect, except that it had not complied with section 376; its excuse being "that it conducts its garage in such manner that the amount of volatile inflammable oil flowing into the sewer * * * is negligible and creates no dangerous condition," also upon the ground that there were no oil separators, traps, or other similar apparatus in existence which would prevent such oils from flowing into the sewer. Appellant claims that section 376 is oppressive and unreasonable, and deprives it of its property without due process of law.

[1, 2] The motion was denied on the ground that the selection of appliances necessary to render garages safe was within the discretion of the commission, and that no issue was raised by the papers. Of course, any discretion vested in the commission is not reviewable. We do not need to consider the question whether an ordinance passed in pursuance of express legislative power to adopt such an ordinance can be assailed as unreasonable, because there is nothing unreasonable on the face of this ordinance. Its alleged unreasonableness rests solely upon the allegation of the petition that there are no separators or other devices which will "prevent volatile inflammable oils from flowing into the sewer." By numerous affidavits the city showed that this was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

true.　Notwithstanding this fact, appellant claims that because of the allegation of the petition an alternative writ should have issued, so that proof might have been taken.　This is his principal objection to the order.　We think it untenable.　The statement in the petition may be true in the sense that there is no device which will wholly prevent volatile oils from flowing into the sewer, but there is nothing in the petition to contradict the city's affidavits showing that there are numerous devices on the market which are practically efficient in reducing to a minimum the risk of oils in the sewer.

The order should be affirmed, with $10 costs and disbursements.